ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff

v.

THE UNITED STATES, Defendant

07-187 C

CASE NO: 07-CV-_____

FILED
MAR 20 2007
U.S. COURT OF FEDERAL CLAIMS

## COMPLAINT

*(to be filed without filing fee and assigned to the Honorable Francis Allegra per Order attached to Notice of Directly Related Case 03-289)*

TO THE HONORABLE COURT:

Plaintiff, United Medical Supply Company, Inc., files this Complaint against the United States (generally referenced as "Government"). Plaintiff seeks a judgment awarding it either damages or an equitable adjustment to the price of Contract Number SP0200-97-D-7133 (referenced in this Complaint as "the Contract" or "Contract") for the medical supplies and equipment the Government ordered and received under the Contract and for which payment has not been made by the Government to United Medical. This claim has commonly been called the "outstanding a/r claim."

## JURISDICTION

1. This Court has jurisdiction of this case as a direct appeal of an adverse decision of a contracting officer pursuant Section 10(a)(1) of the Contract Disputes Act.

## PARTIES

2. Plaintiff United Medical Supply Company, Inc. is (and at all relevant times was) a corporation chartered under the laws of the State of Texas.

3. Plaintiff now exists as a reorganized debtor under a confirmed "Chapter 11 liquidating plan."

4. This claim is being filed for the benefit of one or more creditors of Plaintiff pursuant to the terms of the liquidating plan.

5. Defendant is the United States.

6. Defendant filed an appearance in Plaintiff's Chapter 11 bankruptcy case.

7. Defendant did not file a proof of claim in Plaintiff's Chapter 11 case.

8. Defendant did not file any claim against Plaintiff in Plaintiff's Chapter 11 case.

## SUMMARY

9. The Contract at issue was a one-year contract with four one-year renewal options in favor of the Government.

10. The Contract was first effective June 1, 1997.

11. The Government exercised three (3) of the Contract renewal options.

12. The Contract terminated on or about May 31, 2001.

13. An uncertified claim for breach of contract based on the above described was filed with the Contracting Officer, Mr. James Jennings, on December 18, 2006.

14. The claim was signed by Frank Broyles, as counsel for United Medical.

15. The basis for the claim was that Plaintiff had provided contract goods to the Defendant, that Defendant had accepted and used the goods, but has not paid for them.

16. The "face" amount of unpaid invoices exceeds $150,000.00.

17. The claim filed was for $100,000.00. ["the Claim"].

18. A copy of the Claim (without lengthy appendix) is attached at Appendix A.

19. The contracting officer did not deny or allow the claim within sixty days of December 18, 2006.

20. The Claim is deemed denied.

21. In a letter dated February 9, 2007, the contracting officer asserted that the Claim had to be certified.

22. In a letter dated February 9, 2007, the contracting officer expressed his belief that the "true value" of the Claim exceeded $100,000.00.

23. Appendix B is a genuine copy of a letter sent by James Jennings in his capacity as a contracting officer for the Contract.

24. Plaintiff disagreed with the contracting officer's belief that the Claim had to be certified.

25. Plaintiff contends that it has a right to voluntarily reduce its claim below its true value.

26. By faxed letter, Plaintiff explained to the contracting officer its legal and factual rationale for its disagreement with him on the "certification" issue.

27. Appendix C attached is a genuine copy of a letter received at the contracting officer's fax machine on February 22, 2007.

28. Plaintiff has exhausted all required administrative remedies.

29. In the related case, Defendant provided Plaintiff with an email Bates labeled "G-UMS-DSCP-10649."

30. The above referenced email contained the following language,

> "I have found in my research that there are call numbers where DSCP would still owe a balance to the vendor. Some of the histories I have show that the funds were/are available in our system for payments…."

31. The "vendor" referenced above is Plaintiff.

32. Email Bates labeled "G-UMS-DSCP-10649" is attached as Appendix D.

33. Appendix D also contains the following language,

> "I was not aware that there was a requirement to preserve the payment history on this contact."

34. The "I" referenced above refers to Ms. Donna Galligan, Team Leader, Med/Surge Invoice Team.

35. The claim is based on the business records of United Medical made and retained in the ordinary course of business and its records are more reliable than any conflicting records of the Government.

36. United Medical is bankruptcy and is liquidating pursuant to a Chapter 11 liquidating plan.

37. Defendant has lost and otherwise been unable to locate numerous records in connection with this claim, including records pertaining to payments and receipts of products from United Medical.

38. Based on information and belief, most, if not all, of the participating medical treatment facilities did not maintain copies of records evidencing products that were received from United Medical, nor were they instructed to do so even after Defendant had notice of the claim.

39. The Claim asserted herein is limited to an amount that does not destroy or preclude jurisdiction of the Court of Claims over the Claim.

40. During the first quarter of 2001, DSCP was attempting to get United Medical to agree to an early termination of the contract at issue.

41. At least some DSCP personnel believed the outstanding payable to United Medical could be used as leverage on the early termination issue.

42. In DSCP internal emails discussing that issue, Mr. Steven McManus wrote to "I think in the end we will have to give him the money, but I would like to make sure we get our money's worth" Steven McManus to John Cuorato, 1/18/2001.

## CLAIMS AND CAUSES OF ACTION

43. Plaintiff requests an award of damages or an equitable adjustment to the Contract Price to be made whole based on the following claim previously submitted to and denied by the Contracting Officer:

**Breach of Contract by the Government arising out of currently outstanding accounts receivable.**

44. Plaintiff incorporates the above factual allegations as though fully set forth herein.

45. Plaintiff and Defendant contracted as described above.

46. The Contract was a valid contract.

47. Plaintiff performed all its material obligations under the Contract, or such obligations were legally excused or waived.

48. Defendant breached its material obligation under the Contract to pay for supplies and equipment it received.

49. After application of all offsets and adjustments Plaintiff is currently owed at least $100,000 for materials accepted and used by Defendant without objection.

50. As a result of the breach of the Contract payment obligations by Defendant, Plaintiff has been damaged.

**Attorneys Fees under Equal Access to Justice Act**

51. Plaintiff reserves its rights to assert claims for attorney's fees under the Equal Access to Justice Act.

## SUGGESTION THAT CONSOLIDATION IS APPROPRIATE

Plaintiff suggests that consolidation is appropriate with the directly related case 03-289.

## REQUEST FOR RELIEF

Plaintiff requests that after trial on the merits, and after any required election of remedies, Plaintiff be awarded judgment against the Government as damages or an equitable adjustment in the amount of $100,000.00 plus CDA interest from the date the Claim was submitted to Mr. James Jennings, contracting officer.

Signed March 19, 2007.

Respectfully submitted,

Frank L. Broyles
State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff

Certificate of Service

Following last page of Appendix.

CLAIM

United Medical Supply Company, Inc., ("UMS") submits this claim to Mr. James Jennings, contract officer, for equitable adjustment and breach of contract to be made whole as a matter of right pursuant to the Contract Disputes Act of 1978 and requests that a decision on this claim be made by the contracting officer within sixty (60) days. Since Plaintiff seeks a decision within sixty days, Plaintiff's claim submitted to the Contract Officer is limited to $100,000.

This claim arises out of a 1997 requirements contract **(award number SP0200-97-D-7133)** between claimant UMS and the United States through the Department of Defense, specifically the Defense Personnel Support Center ("DPSC"), now known as the Defense Supply Center Philadelphia ("DSCP").[1] UMS, at the time it entered into the Lone Star Region requirements contract with the United States, was a small business located in Fort Worth Texas. As a result of the events described in this claim and in its previously submitted claim, UMS filed for Chapter 11 bankruptcy on April 4, 2001 and is currently being liquidated pursuant to a confirmed Chapter 11 Plan. Proceeds received as a result of this claim will be disbursed pursuant to the Confirmed Chapter 11 Plan to Claimant's creditor Advanced Medical Supply.[2]

The contract provided that payment for supplies and equipment sold would be made within 15 days of date the product and supplies were received by the ordering facility or date of invoice, whichever was later and the contract term was a base year with four additional one-year options in favor of the government.

The contract terminated *via* a staged termination on approximately May 31, 2001. At the time the contract terminated UMS claimed that it was owed significant amounts for outstanding receivables. DSCP was investigating that claim, which still remains unresolved.

The undersigned counsel for UMS has investigated the account receivable claim. Numerous documents were examined, including documents maintained by the Government and documents maintained by UMS. Additionally, a personal interview was held with Ms. Debbie Thompson, the COR at Brooke Army Medical Center, the largest MTF in the Lone Star Region in terms of purchase volume.

---

[1] For ease of reference, this agency is usually referenced by the single designation "DSCP," even though the reference may be to DPSC prior to the name change.

[2] This Claim is being submitted with the knowledge and consent of the creditor.



Appendix A 4/3

The investigation by UMS's counsel revealed the following facts:

1. During 1999 a number of invoices submitted by UMS were electronically lost due to a major computer failure within the Government. The impact on UMS was severe, which impact was aggravated by the fact that the Government did not disclose its problem to UMS. Instead the Government kept ordering with knowledge of its invoicing problem. This not only caused USM significant financial problems, it created an invoice tracking nightmare for both the Government and UMS.

2. UMS's business records created and maintained it its ordinary course of business evidence that as of the Chapter 11 petition date (*i.e.*, April 4, 2001) UMS was owed $289,208. (See Exhibit A). Between the petition date and September 30, 2001 the Government made payments on the account of $97,746, (See Exhibit B) leaving a balance owed of $191,462 plus contract interest.

3. DSCP requested that UMS submit its sales data in a specific spreadsheet format. It did that, as shown in Exhibit C. That spreadsheet format reflects not only invoices, but payments applied. After application of all payments, Exhibit C, which is based on UMS's regularly maintained business records, evidences that UMS is owed $192,749 plus contractual interest. This is substantially identical to the $191,462 calculated by subtracting payments from UMS's April 4, 2001 petition date account receivable described above. The discrepancy between the two amounts can be attributed to April 2001 sales not recorded in Exhibit A.

4. DSCP claims it has been unable to match the Government's call numbers with UMS's invoice numbers. The spreadsheet provided as Exhibit C, which is in the format requested by DSCP, includes the six-digit invoice reference numbers.

UMS is entitled as a matter of right to payment of its outstanding account receivable balance with contractual interest. UMS, however, submits this claim for equitable adjustment of the account receivable claim in



Appendix A
2/3

the amount of $100,000 in full satisfaction of the account receivable claim, including applicable interest.[3]

Signed December 15, 2006

/s/

Frank L. Broyles
Attorney for Claimant

[3] The currently pending claims in Court of Federal Claims case number 03-289 remain unaffected.



Appendix D
3/3

**DEFENSE LOGISTICS AGENCY**
DEFENSE SUPPLY CENTER PHILADELPHIA
700 ROBBINS AVENUE
PHILADELPHIA, PENNSYLVANIA 19111-5092

IN REPLY
REFER TO:

DSCP-FSEAA (James Jennings 215 737-4155)(Fax 215 737-2058)

February 9, 2007

Goins, Underkofler, Crawford & Langdon
Attn: Frank L. Broyles
Renaissance Tower
1201 Elm St., Suite 4800
Dallas, TX 75270

RE: Claim of United Medical Supply, Inc
Contract SP0200-97-D-7133

I am in receipt of UMS' December 15, 2006 claim for unpaid invoices, wherein UMS seeks "the amount of $100,000 in full satisfaction of the account receivable claim". The claim attaches, at Exhibit C, a compilation of allegedly unpaid invoices totaling over $200,000. As the true value of UMS' claim is over $100,000, the claim must be certified. Alternatively, if UMS chooses not to certify its claim, kindly revise Exhibit C so that it includes only the invoices that are within UMS' $100,000 claim.

James Jennings
JAMES JENNINGS
Contracting Officer

Appendix B
1/1

MODE = MEMORY TRANSMISSION START=FEB-22 10:59 END=FEB-22 11:00

FILE NO.=208

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | ☎ | 12157372058--6091006 | 001/001 | 00:00:29 |

************************************ - - ***** - - *********

LAW OFFICES

**GOINS, UNDERKOFLER, CRAWFORD & LANGDON**

A REGISTERED LIMITED LIABILITY PARTNERSHIP
RENAISSANCE TOWER
1201 ELM STREET, SUITE 4800
DALLAS, TEXAS 75270

**FRANK L. BROYLES**
BOARD CERTIFIED -- BUSINESS BANKRUPTCY
TEXAS BOARD OF LEGAL SPECIALIZATION

(214) 969-5454
FAX (214) 969-5902
E-mail: frankb@gucl.com

February 22, 2007

DEFENSE SUPPLY CENTER PHILADELPHIA
Attn: James Jennings, Contracting Officer
700 Robbins Ave.
Philadelphia, PA 19111-5096

VIA TELECOPY 215-737-2058

RE: Claim of United Medical Supply Company, Inc.
Contract/Award SP0200-97-D-7133

Dear Mr. Jennings:

This letter is in response to your letter dated February 9, 2007, which was postmarked February 13, 2007 and received at my office on February 21, 2007. In that letter you state, "As the true value of UMS' claim is over $100,000, the claim must be certified." The purpose of the certification requirement is to prevent, or at least discourage, inflated claims. There is nothing in the CDA that prevents a contractor from voluntarily reducing its claim below the "true value." Indeed, the Government should be elated when that occurs.

The most appropriate person to certify a claim, and maybe the only appropriate person, would be Mr. Bill Bandy. You may not be aware of Mr. Bandy's health situation, but Mr. Bandy is not in a position to make the appropriate investigation necessary to certify a claim. Accordingly, United Medical Supply will not be increasing the claim to what you describe as its true value. Its claim remains $100,000.00 and is based on a reduction from the face value of all of the amounts receivable its books and records reflect are owed to it by the Government.

This letter should not be construed waiving any right that United Medical has to file suit for a claim deemed denied.

Very truly yours,

Frank L. Broyles

C: Daniel Sherman

Appendix C
1/1

CORRESP

**From:** Amendolia, Anthony (DSCP)
**Sent:** Friday, October 17, 2003 4:27 PM
**To:** Galligan, Donna (DSCP); Hallam, Kathleen (DSCP)
**Cc:** Flatley, Linda (DSCP); Jennings, James (DSCP)
**Subject:** RE: United Medical Information

Thanks Donna! I know that was extremely difficult to put together.

-----Original Message-----
**From:** Galligan, Donna (DSCP)
**Sent:** Friday, October 17, 2003 11:25 AM
**To:** Hallam, Kathleen (DSCP)
**Cc:** Amendolia, Anthony (DSCP); Flatley, Linda (DSCP); Jennings, James (DSCP)
**Subject:** United Medical Information

Kathleen,

I have attached all of the lists that you sent me for each of the facilities. I have found in my research that there are call numbers where DSCP would still owe a balance to the vendor. Some of the histories I have show that the funds were/are available in our system for payment. These equate to approximately $37,000. I also have records that show some of the call numbers listed with balances owed have been paid in full. I have annotated each file with the information I could find. I have all of the paperwork that I was able to retrieve on each of these lists if you need it.

I was not aware that there was a requirement to preserve the payment history on this contract. I have saved a database of information available in our system. If there are any other records, I am not aware of them. If you have any questions, my number is listed below. Thank you.

<< File: UM INVOICES4DARNELL.doc >> << File: UMinvoices4ALBURQUERQUE.doc >> << File: UMinvoices4ALTUS.doc >> << File: UM-invoices4BEAUMONT.doc >> << File: UMinvoices4BLISS.doc >> << File: UMinvoices4BROOKE.doc >> << File: UMinvoices4BROOKS-AFB.doc >> << File: UMinvoices4CANNON.doc >> << File: UMinvoices4CORPUSCHRISTI.doc >> << File: UMinvoices4FORTSILL.doc >> << File: UMinvoices4FORTWORTH.doc >> << File: UMinvoices4GALVESTON.doc >> << File: UMinvoices4HOLLOMAN.doc >> << File: UMinvoices4LAUGHLIN.doc >> << File: UMinvoices4RANDOLPH[1].doc >> << File: UMinvoices4SHEPPARD[1].doc >> << File: UMinvoices4TINKER[1].doc >> << File: UMinvoices4VANCE[1].doc >>

*Donna Galligan*
Team Leader
Med/Surge Invoice Team
DSCP-RXM
(215) 737-2194 or DSN 444-2194
Fax: (215) 737-2058
New Email: Donna.Galligan@dla.mil



Appendix 8
1/1

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., Plaintiff<br><br>v.<br><br>THE UNITED STATES, Defendant | CASE NO: 07-CV-_____ |

## CERTIFICATE OF SERVICE:

**A genuine copy of the foregoing complaint, including appendix, was served on Mr. Kyle Chadwick, attorney for the United States in case number 03-289, by first class mail and email on March 20, 2007.**

Frank L. Broyles
State Bar No. 03230500
GOINS, UNDERKOFLER, CRAWFORD
& LANGDON, LLP
1201 Elm Street
4800 Renaissance Tower
Dallas, Texas 75270
(214) 969-5454
(214) 969-5902 Fax

Attorney for Plaintiff