IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED MEDICAL SUPPLY COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-289C |
| v. | ) | (consolid. with No. 07-187C) |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER IN No. 07-187C**

For its answer to the complaint in case number 07-187C, defendant, the United States, admits, denies, and alleges as follows:

The allegations contained in the unnumbered paragraph preceding paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1. The allegations contained in paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies for lack of information sufficient to form a response.

3. Denies for lack of information sufficient to form a response.

4. The allegations contained in paragraph 4 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits.

6. Admits to the extent supported by the record of the bankruptcy case, which is the best evidence of its contents; otherwise denies.

7. Admits to the extent supported by the record of the bankruptcy case, which is the best evidence of its contents; otherwise denies.

8. Admits to the extent supported by the record of the bankruptcy case, which is the best evidence of its contents; otherwise denies.

9. Admits to the extent supported by the contract, which is the best evidence of its contents; otherwise denies.

10. Admits to the extent supported by the contract documentation, which is the best evidence of its contents; otherwise denies.

11. Admits to the extent supported by the contract documentation, which is the best evidence of its contents; otherwise denies.

12. Admits to the extent supported by the contract documentation, which is the best evidence of its contents; otherwise denies.

13. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

14. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

15. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

16. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

17. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

18. Admits.

19. Admits.

20. Paragraph 20 contains only a pure assertion of law, to which no response is required.

21. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

22. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

23. Admits.

24. Denies for lack of information sufficient to form a response; avers that plaintiff's beliefs are irrelevant.

25. The allegations contained in paragraph 25 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

27. Admits.

28. The allegations contained in paragraph 28 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

30. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

31. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

32. Admits.

33. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

34. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

35. The allegations contained in paragraph 35 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admits.

37. Denies, as vague, the descriptors "numerous" and "pertaining to payments and receipts of products" contained in paragraph 37; otherwise admits.

38. Denies.

39. The allegations contained in paragraph 39 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. Denies; avers that plaintiff desired early termination.

41. Denies for lack of information sufficient to form a response; avers that beliefs held by DSCP personnel were and are irrelevant.

42. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

43. The allegations contained in paragraph 43 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

44. Defendant's responses in paragraphs 1-43 above are incorporated by reference.

45. Paragraph 45 contains only a pure assertion of law, to which no response is required.

46. Paragraph 46 contains only a pure assertion of law, to which no response is required.

47. The allegations contained in paragraph 47 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51. Paragraph 51 contains only a pure assertion of law, to which no response is required.

52. Denies that plaintiff is entitled to the relief requested in the unnumbered paragraph immediately following paragraph 51, or to any relief whatsoever.

53. Denies each and every allegation not previously admitted or qualified.

WHEREFORE, defendant respectfully requests the Court to enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0476

Attorneys for Defendant

OF COUNSEL:
MICHAEL McGLINCHEY
Trial Attorney
Defense Supply Center
Philadelphia

May 16, 2007

CERTIFICATE OF FILING

I certify that on May 16, 2007, the attached was filed electronically. I understand that service is complete upon filing and parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick